


Case 13-16845    Filed 08/15/14    Doc 265

POSTED ON WEBSITE

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 13-16845-B-7 |
| Keystone Mine Management II, Ltd, | DC No. DMT-1 |
| Debtor. | |
| John Hagestad, | |
| Secured Creditor. | |

## MEMORANDUM DECISION REGARDING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Derrick Talerico, Esq., of Lobel, Neue & Till, LLP, appeared on behalf of the moving party, creditor John Hagestad.

Phillip W. Gillet, Esq., appeared on behalf of the debtor, Keystone Mine Management II, Ltd.

Lisa A. Holder, Esq., of Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP, appeared on behalf of the chapter 7 trustee, Vincent Gorski.

Meir J. Westreich, Esq., appeared on behalf of Keystone Mine Managment, Ltd., and Kirk L. DuShane, In Their Official Capacities as General Partner Majority Owners of Debtor.

Before the court is a motion for relief from the automatic stay under 11 U.S.C. § 362(d)(1)[1] (the "Motion"). John Hagestad ("Hagestad") wants permission to proceed with the prosecution of a civil action against the Debtor, its general partner, and numerous non-debtor parties in the Orange County Superior Court (case no. 30-2012 00578924: the "Civil Action"). At an earlier hearing, the court stated its

---

[1] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036, as enacted and promulgated *after* October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) of 2005, Pub. L. No. 109-8, 119 Stat. 23.

intention to grant the Motion and allow the Civil Action to proceed against the Debtor so long as the parties could agree on a form of order that would balance the potential burden to Hagestad who seeks to adjudicate his claims against numerous defendants in one forum, against the burden and prejudice to the bankruptcy estate of having to defend those claims which might involve the Debtor. After a subsequent hearing, and consideration of the evidence and arguments, the court is not persuaded that cause exists to expose the estate to the adjudication of Hagestad's claims at a time when the chapter 7 trustee cannot participate in that litigation.[2] Accordingly, for the reasons set forth below, Hagestad's Motion will be denied.

This memorandum decision contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c). The court has jurisdiction over this matter under 28 U.S.C. § 1334 and 11 U.S.C. § 362, and General Order Nos. 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

**The Background Story.**

<u>The Debtor.</u> Keystone Mine Management II, Ltd., is a California limited partnership. Its general partner is an individual named Kirk DuShane ("DuShane"). Another entity known as Keystone Mine Management, Ltd ("Keystone I") also holds an interest in the Debtor. Based on the Debtor's schedules, the only asset in this estate consists of a group of 50 mining claims located in Inyo County California (valued at $319 million) and some "badly vandalized" equipment located at the mine sites (valued at $134,550; collectively the "Mining Claims"). The Debtor has no employees or ongoing business operations; indeed, the Debtor had not operated the

---

[2] At the time of the hearing, the estate was, and still is, administratively insolvent and has no resources to retain counsel and participate in the Civil Action.

Mining Claims for over 20 years before this bankruptcy was filed. However, DuShane has apparently used funds from some source to renew and maintain the various permits and claims themselves.

The Civil Action. Hagestad and DuShane have engaged in business transactions relating to the partnerships and the Mining Claims for many years. It is alleged in the Complaint that in 2009 Hagestad gave DuShane more than $60,000 based on various representations and agreements referred to in the pleadings as "Notes." The nature and legal effect of those transactions is in dispute, but the money has never been repaid to Hagestad. In June 2012, Hagestad commenced the Civil Action against DuShane, the Debtor, Keystone I, and numerous individuals who allegedly hold some interest, as either investors or lenders, in the Debtor and Keystone I. In August 2013, Hagestad filed in the Civil Action a first amended complaint which is now the subject of this Motion (the "Complaint"). Hagestad acknowledges in the Motion that the primary purpose of the Civil Action is "to recoup the amounts owed on the Notes together with claims of fraud against DuShane for solicitation of the Notes, with damages as applicable." (Mot. 3:7-9, Mar. 14, 2014, ECF No,. 130.) Prior to the bankruptcy filing, the Superior Court was ready to set a trial date for the Civil Action. *Id.* 3:19-20.

The Bankruptcy. Shortly before a trial date could be set, DuShane put the Debtor in bankruptcy, thereby invoking the now disputed automatic stay under § 362(a), with the filing of a chapter 11 petition on October 21, 2013. The Debtor's state court counsel immediately filed a notice of the bankruptcy in the Civil Action. In response, the Superior Court recognized that the Debtor's automatic stay only applied to the Debtor and expressed its intent to proceed with a trial as to the non-debtor defendants. *Id.* 3:13-20

The hostilities in the Civil Action soon spilled over into the bankruptcy court. On November 26, 2013, Hagestad filed a motion to appoint a chapter 11 trustee seeking to remove DuShane from being the person in charge of the debtor-in-

3

possession. The motion was strongly opposed by the Debtor and ultimately denied.[3]

On January 10, 2014, the Debtor responded with a motion against Hagestad for sanctions. The Debtor charged Hagestad with violating the automatic stay through the conduct of ongoing discovery in the Civil Action (the "Stay Violation Motion"). That Motion was strongly opposed by Hagestad, and was subsequently denied.[4] The court viewed that Stay Violation Motion as a veiled attempt by DuShane to secure from this court an order which would effectively stay the entire Civil Action and extend indefinitely the protection of the automatic stay to DuShane, Keystone I, and consequently to the numerous other non-debtor defendants. At that hearing, the court made it clear that the automatic stay did not bar discovery and prosecution of the Civil Action as to non-debtor defendants.

Finally, when it became apparent that the Debtor's internal management conflict and the pending Civil Action precluded the Debtor from ever being able to reorganize and confirm a chapter 11 plan, the United States Trustee filed a motion to either dismiss the case or convert it to chapter 7. In response, Hagestad filed a statement supporting conversion to chapter 7 or the appointment of a chapter 11 trustee; Hagestad strongly opposed dismissal. The Motion was opposed by the Debtor. However, in light of the fact that the Debtor had no apparent plan but to liquidate its Mining Claims, the court granted the motion and converted the case to chapter 7 on February 7, 2014. Vincent Gorski was appointed to serve as the chapter

///

///

---

[3] The motion to appoint a trustee (DC No. JET-1) was denied at the hearing on February 5, 2014.

[4] The Stay Violation Motion (DC No. PWG-3) was denied at the hearing on March 5, 2014.

4

7 trustee (the "Trustee") and carry on the liquidation effort.[5] After the case was converted, Hagestad filed a $60,000 proof of claim based generally on the same facts and issues pled in the Civil Action (the "Hagestad Claim").

<u>The Stay Relief Motion.</u> Hagestad initially filed this Motion seeking relief to proceed against the Debtor, *as a party*, in the Civil Action on March 14, 2014. The matter was set for a "short notice" preliminary hearing on April 3, 2014.[6] At the time of the hearing, there was no appearance or opposition by the Trustee, DuShane, or any of the other defendants in the Civil Action. Accordingly, the court initially granted the motion and signed an order submitted by Hagestad's counsel on April 10, 2014 (the "Stay Relief Order"). On April 18, DuShane filed a belated opposition to the Motion. On April 24, the Debtor filed a motion to vacate the Stay Relief Order. That matter was set for hearing on June 5. Hagestad opposed the motion to vacate; however, after much oral argument and further consideration of the circumstances, the court vacated the Stay Relief Order and set Hagestad's Motion for a final hearing on July 2. The Trustee did not strongly oppose the Motion, but again it was acknowledged that the Trustee had no funds with which to retain counsel to defend the Civil Action. After much oral argument, the court indicated its intention to grant the Motion to allow some parts of the Civil Action to proceed as to the Debtor if the parties could agree upon a form of order which adequately protected the estate from

---

[5]On May 8, 2014, the Trustee filed a motion to sell the Mining Claims free and clear of a purported lien held by WBW Trust No. 1 and William Weyerhauser. However, numerous issues need to be resolved before the Trustee can sell the Mining Claims and that motion is still pending. At a recent hearing on the Trustee's motion, it was reported that the Debtor may not actually hold title to the Mining Claims. Apparently, the Claims were not transferred to the Debtor at the time the limited partnership was formed. The motion to sell the Mining Claims has been continued and the Trustee's counsel is evaluating the Debtor's legal options, if any, for acquiring title to the Mining Claims.

[6]By filing the Motion on short notice pursuant to Local Bankruptcy Rule 9014-1(f)(2), Hagestad waived the right to invoke the time constraints applicable to motions for relief from the automatic stay as set forth in § 362(e). Local Rule 4001-1(a)(1).

the premature adjudication of the Hagestad Claim.

Hagestad's counsel was directed to circulate a form of proposed order and the hearing was continued to July 10 to consider objections to the form of order. On July 10, Hagestad lodged with the court a form of proposed order which would allow Hagestad to pursue generally all claims against the Debtor (except the dissolution and receivership claims discussed below). Interestingly, the proposed order also included a provision that granted relief to adjudicate unidentified claims "to be stated" in the future. The proposed order was not approved by, and drew an objection from, the Debtor. After extensive additional oral argument, the court offered to review again each cause of action in the Complaint, evaluate the scope of the relief being requested by Hagestad, and reconsider its impact on the Trustee and the bankruptcy estate. The matter was taken under submission and the court subsequently entered a minute order confirming that the automatic stay would remain in effect until this ruling.

**Analysis and Conclusions of Law.**

Applicable Law. The commencement of this bankruptcy case invoked the automatic stay under § 362 (a) which applies in pertinent part to:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]
>
> . . .
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]

The automatic stay "gives the bankruptcy court an opportunity to harmonize the interest of both debtor and creditors while preserving the debtor's assets for repayment and reorganization of [its] obligations." *Mac Donald v. Mac Donald (In re Mac Donald)*, 755 F.2d 715, 717 (9th Cir. 1985).

///

Hagestad moves for relief from the automatic stay for *cause* under § 362(d)(1) which provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

Pursuant to § 362(g), the Debtor has the ultimate burden of proof on the "cause" issue, however, Hagestad must produce some evidence in the first instance to support the "cause" allegation. *Tirey Distributing Company v. Sloan (In re Tirey Distributing Co.)*, 242 B.R. 717, 723 (Bankr. E.D. Okla. 1999) (quoting *In re Tursi*, 9 B.R. 450, 453 (Bankr. E.D. Pa. 1981)). There is no definition of "cause" for relief from stay in the Bankruptcy Code. That determination must be based on the totality of the circumstances and made on a case by case basis. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990).

The Determination of Cause. Hagestad's "cause" argument is based on notions of expeditious litigation, judicial economy, efficient administration of the estate, and prejudice to the non-debtor parties. Notably, Hagestad makes no showing that the Debtor is a necessary party to any of the claims he wants to pursue against DuShane and the other non-debtor parties in the Civil Action, or that those claims cannot be fully adjudicated without the Debtor. Indeed, the Superior Court apparently recognized immediately that Hagestad's claims against DuShane and the non-debtor defendants could proceed to trial without the Debtor as a party. Also lacking is any discussion by Hagestad of the potential for prejudice to the Trustee and the bankruptcy estate. If this court granted Hagestad's Motion, then liquidation of the Hagestad Claim and adjudication of the estate's liability for DuShane's conduct, would essentially be totally out of the Trustee's control.

Perhaps, the most troubling aspect of Hagestad's Motion is his request for relief to adjudicate claims against the Debtor "to be stated" through future

amendments of the Civil Action. It would be irresponsible for this court to give a creditor carte blanche permission to adjudicate in another forum any claims he may yet conceive, but cannot yet identify, against a bankruptcy estate that cannot effectively participate in that litigation.

If this dispute merely involved Hagestad, the Debtor and the other defendants in the Civil Action, the court might be inclined to find cause to grant the relief requested by Hagestad because the Hagestad Claim may ultimately have to be adjudicated in some forum if any money is recovered to distribute to creditors. However, this case is now in chapter 7. Hagestad strongly opposed dismissal of the case and supported the conversion to chapter 7 in furtherance of his desire to remove DuShane from control of the Debtor and replace him with the Trustee. The Trustee has a duty to administer the assets of the estate, while at the same time protecting the estate, and the other creditors, from any prejudice which might flow from adjudication of the Civil Action. In evaluating the "cause" equation, the court must consider that (1) the estate is administratively insolvent and cannot retain counsel to participate in the Civil Action, and (2) unless and until there is money to distribute to the creditors, there is little need to force the estate to adjudicate issues which may foreclose any subsequent review of the Hagestad Claim in this court. In that context, the court has reviewed each cause of action in the Complaint in an effort to determine if there is "cause" within the meaning of § 362(d)(1) to allow the adjudication of any cause of action against the Debtor at this time.

The Causes of Action. The Civil Action that Hagestad wants to prosecute against the Debtor is pled in six causes of action ("COA"). In summary, two of the COAs (the "First and Third") are alleged against DuShane and do not appear to implicate the Debtor or the Hagestad Claim against the Debtor at all. The Debtor's liability under two other COAs (the "Second and Fifth") is derivative of DuShane's role as the Debtor's General Manager. The court sees no reason why Hagestad cannot litigate those COAs to final judgment against DuShane without the Debtor being a

party. The two remaining claims (for an accounting and appointment of a receiver) warrant a different consideration and will be discussed below. The COAs, as pled in the Complaint, can be summarized as follows:

The First COA is based on breach of contract and is pled against DuShane only. The Third COA is also pled solely against DuShane. It seeks relief based on an "open book account" theory. Both COAs arise from DuShane's financial dealings with Hagestad and pray for damages in the amount of $60,000, or an equity interest in the Debtor. Equity interests in the Debtor are not property of the bankruptcy estate and equity disputes are not barred by the automatic stay. *See Advanced Ribbons and Office Products, Inc. v. U.S. Interstate Distributing, Inc. (In re Advanced Ribbons and Office Products)*, 125 B.R. 259, 263 (9th Cir. BAP 1991). There is nothing about Hagestad's breach of contract and "open book" claims against DuShane that implicates the automatic stay in this bankruptcy case. Accordingly, there is no reason, from a bankruptcy stand point, that the First and Third COAs for breach of contract and open book account cannot be adjudicated to a final judgment in the Civil Action.

Turning now to the Second and Fifth COAs. Those claims seek relief against DuShane based on alleged fraud, negligence and breach of fiduciary duty. DuShane is the principal actor in those claims. The Debtor's liability, if any, is based on allegations that DuShane was acting "as general partner of the Partnerships, acting on the Partnerships' behalf, and authorized to act on behalf of the Partnerships." (Compl. ¶ 40.) The Trustee can add nothing to DuShane's personal defense of the Second and Fifth COAs. DuShane is represented by competent counsel and the court is satisfied that DuShane's liability on these claims will be fully adjudicated without the Debtor's participation as a party. If necessary, this court can adjudicate the Debtor's derivative liability at a future time. The automatic stay is not applicable to the prosecution of these claims against DuShane, Keystone I, or any other non-debtor party. Hagestad has already filed a $60,000 proof of claim against the Debtor. Accordingly, there is insufficient "cause" to compel the Debtor to participate in the

adjudication of the Second and Fifth COAs *as a party*.

Next, the court must consider the Fourth COA in which Hagestad seeks an accounting of DuShane's activities and financial dealings as the "acting general partner and manager" of both the Debtor and Keystone I. Again, the automatic stay in this bankruptcy has no application to Keystone I. It is not clear from the pleading exactly what relief Hagestad wants against the Debtor. To the extent that Hagestad simply requests production of the Debtor's books and records, and an accounting of DuShane's actions, there is no reason why Hagestad should not be entitled to pursue that relief, but the Debtor does not need to be *a party* to that portion of the litigation. Again, DuShane is well equipped to defend himself with regard to any accounting issues and the Trustee is not in a position to add anything to that defense. A comprehensive accounting of DuShane's activities may actually benefit all players.

Lastly, the Sixth COA seeks to dissolve the Debtor and to appoint a receiver to wind up the affairs of both the Debtor and Keystone I. Hagestad has never sought to pursue this COA against the Debtor, and the automatic stay does not prevent such relief against Keystone I. Now that the Debtor is in chapter 7, there is no purpose for the relief requested in the Sixth COA as to the Debtor and the appointment of a receiver over the Debtor would only result in jurisdictional chaos. Therefore, the Motion for relief to prosecute the Sixth COA will be denied as it applies to the Debtor.

**Conclusion.**

Based on the foregoing, Hagestad has not established a prima facie case, based on the totality of the circumstances, for liquidating his Claim against the Debtor at this time. Hagestad has filed a proof of claim in this case for the money he contends is owed. For purposes of administration of this case, that Claim is deemed allowed unless the Trustee or some party in interest files a formal objection. § 502(a). Unless and until the Trustee can successfully sell the Mining Claims and produce a fund of money for distribution to unsecured creditors, there is, and will be, no need to burden

the bankruptcy estate with adjudicating the factual and legal issues which underly the Hagestad Claim. Accordingly, the Motion will be denied as moot with regard to prosecution of Hagestad's breach of contract and open book account claims against DuShane (the First and Third COAs). The automatic stay in this bankruptcy has no application to those causes of action.

The Motion will also be denied with regard to Hagestad's fraud, negligence and breach of fiduciary duty claims (the Second and Fifth COAs). The automatic stay is not applicable to Hagestad's claims against the non-debtor parties and there is reason why DuShane's liability cannot be adjudicated without joining the Debtor as a party. The Debtor's derivative liability, if any, for DuShane's conduct can be adjudicated in the context of a future claim objection, if necessary.

Finally, the Motion will be denied with regard to the accounting, partnership dissolution and receivership claims (the Fourth and Sixth COAs). It is not clear from the Complaint what relief Hagestad is seeking against the Debtor on the accounting COA and the liquidation of a chapter 7 debtor's assets needs to take place in the bankruptcy court. The appointment of a receiver who would answer to the state court during the pendency of this chapter 7 would be wholly inappropriate.

Dated: August 15, 2014

W. Richard Lee
United States Bankruptcy Judge

**Instructions to Clerk of Court**
Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked____, via the U.S. mail.

Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and __X__ Other Persons Specified Below:

Lisa Holder, Esq.
Attorney at Law
4550 California Ave., 2nd Floor
Bakersfield, CA 93309

Derrick Talerico, Esq.
Attorney at Law
840 Newport Center Drive, Suite 750
Newport Beach, CA 92660

Meir J. Westreich, Esq.
Attorney at Law
221 East Walnut, Suite 200
Pasadena, CA 91101

Office of the U.S. Trustee
U.S. Courthouse
2500 Tulare Street, Suite 1401
Fresno, CA 93721