Case 13-16845    Filed 07/08/15    Doc 494

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 13-16845-B-7 |
| KEYSTONE MINE MANAGEMENT II, | Chapter 7 |
| Debtor. | DC No. KDG-7 |

## MEMORANDUM DECISION FOLLOWING TRUSTEE'S MOTION FOR AUTHORITY TO SELL ASSETS

This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Lisa Holder, Esq., of the law firm of Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP appeared on behalf of the moving party, Vincent Gorski, Chapter 7 trustee.

Phillip Gillet, Jr., Esq., Attorney at Law, appeared on behalf of debtor Keystone Mine Management II.

Meir J. Westreich, Esq., Attorney at Law, appeared on behalf of opposing parties Keystone Mining Company, Ltd., Keystone Mine Management, Ltd., Kirk Du Shane, Patrick O'Brien, and Roger Smith.

Jess R. Bressi, Esq., of the law firm McKenna Long & Aldridge LLP appeared on behalf of stalking-horse buyer and secured creditor Bush Management Company.

RECEIVED
July 07, 2015
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0005565340

1    On July 2, 2015, a hearing ("Hearing") was held on the Motion of Vincent Gorski, Chapter
2    7 Trustee ("Trustee") for the Bankruptcy Estate of Keystone Mine Management II ("Debtor"), for:
3    (A) Order Authorizing Sale of Mining Claims and Equipment Free And Clear of the Disputed
4    Liens, Claims, or Interests of Wilfrid C. Lemann, As Executor of the Estate of Thelma E.
5    Newman, and David L. Pruett; (B) Subject to Overbid at the Hearing; and (C) Good Faith Finding
6    ("Sale Motion").

7    The court considered the Sale Motion, the Notice of Hearing on the Sale Motion, the
8    Declarations of Vincent Gorski, Lisa Holder, and Blair Will, and the exhibits; the pleadings and
9    declarations in opposition to the Motion filed by Keystone Mining Company, Ltd. ("KMC"),
10   Keystone Mine Management, Ltd.("KMM"), Kirk Du Shane, Patrick O'Brien, Roger Smith
11   (collectively, "Objectors") and responses thereto; the argument of counsel at the Hearing; and the
12   complete record in the bankruptcy case leading up to the Hearing.

13   This memorandum decision contains the court's findings of fact and conclusions of law
14   required by FED. R. CIV. P. 52(a), made applicable to this motion by FED. R. BANKR. P. 7052
15   and 9014(c).

16   The bankruptcy court has jurisdiction under 28 U.S.C. § 1334, 11 U.S.C. §363, and
17   General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This
18   is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (N).[1]

## ISSUES DECIDED BY THE MOTION.

20   The first issue decided by the Motion is whether the sale was an appropriate exercise of
21   Trustee's business judgment in carrying out his duties. For the reasons set forth below, the sale
22   was an appropriate exercise of Trustee's business judgment.

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the FED. R. BANKR. P., Rules 1001-9036, as enacted and promulgated after October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

2

The second issue decided is whether the Chapter 7 trustee's marketing of, and notice of sale of, the assets was sufficient. For the reasons set forth below, the trustee's marketing and notice of sale were adequate.

The third issue decided is whether a good faith finding under §363(m) is appropriate. For the reasons set forth below, the buyer was entitled to a good faith finding.

**BACKGROUND AND FINDINGS OF FACT.**

    A.    On October 21, 2013, Debtor filed a Petition under Chapter 11 of Title 11, United States Code.

    B.    Also on October 21, 2013, Debtor filed Schedules under oath with the court listing various items of real and personal property as assets of the bankruptcy estate.

    C.    The bankruptcy case was converted to one under Chapter 7 of the Bankruptcy code on February 7, 2014. Vincent Gorski was appointed chapter 7 trustee. (Court docket Nos. 1 and 104.)

    D.    Debtor's Schedule A listed 50 U.S. Department of the Interior, Bureau of Land Management, Mining Claims (Debtor actually owned 48: 44 mining claims and four mill sites) located in Inyo County, California as property of the estate. Debtor's Schedule B listed equipment and other assets, which appear to be used in mining operations (together the "Mining Assets"). (Court docket No. 1.)

    E.    On May 8, 2014, Trustee moved to sell assets of the estate including the Mining Assets, free and clear of any lien or interest held by WBW Trust No. 1, on the grounds that WBW's lien or interest was disputed (Court docket No. 166 and related documents, KDG-2). Debtor objected to Trustee's free and clear sale, and asserted "WBW Trust No. 1 holds a perfected (by recording) Trust Deed against the core 20 BLM Claims in Debtor's estate." (Court docket No. 178 and related documents, KDG-2.) Debtor also advocated preserving WBW's right to credit bid. *Id.* Trustee subsequently moved to establish bidding procedures (Court docket No. 298 and related documents, KDG-3); and moved to compromise controversy/approve settlement agreement with Bush Management Company (Court docket No. 291 and related documents, KDG-4)(KDG-3 and KDG-4 are, together, the "Contested Matters").

3

F.   At a continued hearing on KDG-2 conducted on July 30, 2014, the court was advised that record title to the Debtor's Mining Assets was held in the name of a non-Debtor, Objector KMC. In light of Debtor not holding record title, the court did not proceed with Trustee's sale of Debtor's assets.

G.   At the same hearing conducted on July 30, 2014, Trustee advised the court on the record that, subject to receipt of confirming documents, Trustee did not believe there was a *bona fide* dispute regarding the validity or amount of the secured claim and lien formerly held by WBW Trustee No. 1 and subsequently acquired by Bush Management Company ("BMC").

H.   On August 22, 2014, BMC filed Amended Proof of Claim, Claim No. 20, on the court's claims register, with 147 pages of evidence in support of the claim.

I.   Trustee filed an adversary proceeding complaint on September 17, 2014, assigned Adversary Case No. 14-01112, against Objectors KMC and KMM seeking to quiet title to the Mining Assets into Trustee's name as trustee of the Bankruptcy Estate of Debtor (Adversary docket No. 1, the "Title Adversary").

J.   As of September 16, 2014, Trustee and BMC entered into an Amended and Restated Purchase, Sale and Settlement Agreement relating to, among other things, a sale of the assets of the estate to BMC, subject to overbid (the "Agreement"). The Agreement has been amended from time to time. Copies of the Agreement and amendments to the Agreement were filed with the court on June 4, 2015, as Exhibits "I" through "L" to court docket No. 443.

K.   Attached to the Agreement as Exhibits B and C are lists of the assets being sold pursuant to the Sale Motion, which are referred to as the Group A Assets and the Group B Assets in the Sale Motion.

L.   On September 22, 2014, the court, *sua sponte*, entered its order staying the Contested Matters unless and until the Title Adversary was adjudicated in Trustee's favor. (Court docket No. 319.) KDG-2 and the Contested Matters were eventually dropped without a ruling.

M.   On January 8, 2015, Trustee filed his motion for summary judgment, etc., on the claims for relief in the Title Adversary (Adversary docket No. 54 and related documents, KDG-1). Trustee's motion for summary judgment was heard on March 26, 2015 and was granted.

N. On April 2, 2015, the court entered its *Order Granting Plaintiff Vincent Gorski's Motion for Summary Judgment* in the Title Adversary (Adversary docket No. 143) and determined that (i) all of the 44 lode mining claims, and four millworks sites, and (ii) all personal property listed on Debtor's Schedule B (whether such assets were held in the name of KMC, KMM, or Debtor) are assets of the Debtor's Bankruptcy Estate, which Trustee may sell, use or lease under 11 U.S.C. § 363.

O. On April 2, 2015, the court entered its *Judgment/Decree of Title* in the Title Adversary in favor of Trustee (Adversary docket No. 144) quieting title to the assets listed on Exhibits "A" and "B" thereto to the name of Trustee as property of the Bankruptcy Estate. No appeal was taken from the Judgment and it is final.

P. At a hearing conducted on June 4, 2015, the court granted Trustee's Second Motion to Establish Bidding Procedures for the Keystone and Eight Ounce unpatented mining claims, mill site claims and equipment, and procedures regarding BMC's credit bid. (KDG-6, document No. 406 and related pleadings). Objectors orally requested a stay of the ruling, which the court denied.

Q. On June 9, 2015, the court entered its *Order Establishing: 1. Bidding Procedures for Keystone and Eight Ounce unpatented mining claims, mill site claims and equipment; and 2. Procedures regarding BMC's credit bid* as court docket No. 448 (the "Bidding Procedures Order").

R. On June 18, 2015, Objectors filed a Notice of Appeal and an Amended Notice of Appeal relating to the Bidding Procedures Order. No stay of the court's Bidding Procedures Order has been issued.

S. Neither Trustee nor any Objector filed any action to determine that BMC's Amended Proof of Claim or BMC's lien is in *bona fide* dispute. At the time of hearing of the Sale Motion, no party-in-interest had objected to BMC's Amended Proof of Claim nor had anyone filed an adversary proceeding seeking to invalidate BMC's lien.

T. While, as a result of further research and investigation, Trustee changed his position from the earlier position he took in KDG-2, wherein he moved to sell the Mining Assets

5

free and clear of the liens or interests of WBW Trust No. 1., to the subsequent position he took in the Sale Motion, where he did not challenge BMC's claim under Amended Proof of Claim No 20, Trustee's subsequent position in the Sale Motion was not clearly inconsistent with his earlier position in KDG-2, Trustee did not succeed in his earlier position, and Trustee did not achieve an unfair advantage by changing his position.

U.     The concurrently-filed Order is intended by Trustee to list all Debtor's assets, and Trustee intended to sell all Debtor's assets by the Sale Motion. As demonstrated by (i) the declarations and documents on file with the court, and (ii) counsel's representations on the record at the Sale Hearing, Trustee has adequately marketed the assets and conducted the sale process in compliance with the Sale Motion and Bidding Procedures Order.

V.     Trustee has demonstrated sound business justifications for the transaction contemplated by the Sale Motion and Agreement pursuant to section 363 of the Bankruptcy Code. The transaction satisfies the business judgment test as there are good and sound business reasons for the transaction occurring. No other transaction currently exists which would likely allow Trustee and Bankruptcy Estate to avoid the loss of the estate's most valuable assets via relief from stay and foreclosure.

W.     The Agreements with BMC, as amended, were negotiated, proposed and entered into by Trustee and BMC without collusion, in good faith, and from arm's-length bargaining positions. Neither Trustee nor BMC have engaged in any conduct that would cause or permit the sale to be avoided under section 363(n) of the Bankruptcy Code. BMC is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.

X.     The consideration to be provided by BMC (i) is fair and reasonable under the circumstances of Debtor's case, (ii) is the highest or otherwise best offer for the assets, (iii) will provide a greater recovery for the Debtor's creditors and other interested parties than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

Y. Objectors have been scheduled or have filed proofs of claim asserting general unsecured claims and equity interests against the estate and do not claim or hold any perfected security interests or liens against any of the assets sold.

Z. The request for an order authorizing the sale free and clear of the Disputed Liens, Claims, or Interests of Wilfrid C. Lemann, As Executor of the Estate of Thelma E. Newman, and David L. Pruett having been withdrawn, the court makes no finding whether those purported liens, claims, or interests are or are not in *bona fide* dispute.

AA. Any of the above-noted findings of fact are deemed conclusions of law to the extent that they in fact constitute conclusions of law.

## **CONCLUSIONS OF LAW.**

1. <u>Notice was adequate.</u> The notice given of the Motion and the applicable deadlines and hearings satisfy the requirement of all applicable laws, including, without limitation, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Due Process Clause of the United States Constitution.

2. (i) Proper, timely, adequate, and sufficient notice of the Sale Motion was provided in accordance with sections 102(1) and 363 of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure, and the Bidding Procedures Order; (ii) such notice was reasonable, sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Motion was required.

3. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested in the Sale Motion was afforded to all interested parties and entities, including without limitation: (i) the Office of the United States Trustee; (ii) creditors; (iii) prospective purchasers; (iv) Objectors, and (v) those persons who have filed notices of appearance in this case.

4. <u>BMC's Proof of Claim.</u> Proof of Claim No. 20 is prima facie valid under Fed. R. Bankr. Proc. Rule 3001(f), and deemed allowed under 11 U.S.C. § 502(a). There is no *bona fide* dispute regarding the nature, extent, and validity of BMC's lien or debt.

5. <u>No estoppel.</u> The court considered the three factors under *United Steelworkers of Am. v. Ret. Income Plan For Hourly-Rated Employees of ASARCO, Inc.*, 512 F.3d 555, 563 (9th

Cir. 2008), and Trustee's efforts regarding the Sale Motion and BMC's claim and lien are not foreclosed due to judicial estoppel.

6. <u>Objectors' State law breach of fiduciary duty allegations not considered.</u> Objectors' allegations of breaches of purported fiduciary duties by John Hagestad, a principal of BMC, are not relevant to the decision before the court in evaluating whether to approve the Sale Motion. The court is not determining one way or the other whether Mr. Hagestad owed or owes any fiduciary duties to any Objector, or whether he breached any such fiduciary duties if they exist.

7. <u>The Sale is in the best interest of the estate and its creditors.</u> The terms and conditions of the Agreement and the transaction are lawful and proper.

8. Debtor had a legal duty to accurately list all of its assets on its Schedules. Trustee's objective through the Sale Motion was to sell all of Debtor's assets; BMC's objective through the Agreement was to buy all of Debtor's assets.

9. The transaction is in the best interest of the creditors of this bankruptcy estate because it is fair and reasonable, was negotiated and proposed in good faith, is the result of an arm's length transaction between the parties after lengthy negotiations, and was subject to competitive bidding at the hearing.

10. The transaction will facilitate Trustee's payment of claims. If the transaction is not completed, the bankruptcy estate faces almost certain foreclosure of the most valuable assets of the estate with the resulting tax liability and no new material monies or other assets coming into the estate. Without the transaction, the bankruptcy estate will likely have little or nothing left to distribute to creditors.

11. Given the transaction embodied in the Agreement and pursuant to Section 363 of the Bankruptcy Code, good cause existed for this court to grant the Sale Motion.

12. <u>Good faith finding under §363(m)</u>. The court further finds that the transaction was proposed in good faith. Accordingly, the court finds as a matter of law that the provisions of Section 363(m) apply to this court-approved transaction and that the reversal or modification on appeal of such approval or authorization shall not affect the validity of the transaction contemplated and approved herein.

8

13. The above-noted Conclusions of Law are deemed Findings of Fact to the extent they in fact constitute Findings of Fact.

**CONCLUSION.**

Based on the foregoing:

1. The sale is an appropriate exercise of Trustee's business judgment;
2. Trustee's marketing efforts and notice of sale were adequate;
3. BMC is a good faith purchaser under §363(m); and
4. The asset sale under §363 is in the best interest of the bankruptcy estate and its creditors.

A separate Order shall be entered herewith.

Dated: Jul 08, 2015

W. Richard Lee
United States Bankruptcy Judge